Smith, J.
On the 5th day of January, 1891, Mary J. Stephenson commenced an action in the Court of Common Pleas of Butler County, against Robert Line, and the averments of the petition were substantially as follows: That on Sept. 20, 1864, the defendant executed and delivered to Betsy Line his promissory note of that date, for $250.00, payable twelve months after date, and bearing interest from date. That in 1876 the administrator of the estate of said Betsy Line, for a valuable consideration, transferred and delivered said note to the plaintiff, who has ever since been the owner of the same. She says that frequently between 1876 and 1880, defendant promised plaintiff in consideration of the premises to pay to her said note with the interest thereon, but said promises were not in writing. That in 1885, when an action on said note was barred by the statute of limitations of fifteen years, in consideration of said note being justly due and of his previous promise to pay the same, he again promised the plaintiff to pay the same, together with the interest thereon from Sept. 20, 1864, as soon as he paid for a small piece of ground which he had bought, and she says he paid for the same the same year. And that in 1886, for the same consideration, defendant again renewed his promise to pay plaintiff the same with said interest as soon as he got his barn, which he was then building, paid *148 for, and it is averred that it was paid for in 1887. She says that these promises of 1885-6 to pay said note and interest were based upon sufficient consideration, and that a right of action accrued thereon, and that there is due to her from the said defendant, upon the said promises made by him after an action on the note was barred by the statute of limitations, the said sum of $250.00, with interest from Sept. 20, 1864, for which she asks judgment.
To this petition the defendant demurred, on the grounds that it showed on its face that the action was barred, by the statute of limitations. Second — That it did not state facts sufficient to constitute a cause of action against him; and, Third — That the plaintiff had not legal capacity to sue. This demurrer was overruled by the court, and the defendant filed an answer containing three defenses. First — A general denial. Second —That plaintiff had no title to the note, and, Third — The plea of the statute, of limitations, that more than twenty years had elapsed since the cause of action had accrued on the note, and no payment had ever been made thereon by the defendant and no written acknowledgment thereof or promise to pay the same had ever been made or signed by him; that the action was barred more than ten years before suit brought. Thereupon the plaintiff demurred to the third defense, on the ground that it was not sufficient, but it was overruled by the court, and exceptions taken. The reply filed admitted the allegations of the third defense to be true, but took issue as to the first and second defenses. A trial was had, which resulted in a judgment for the defendant, and a motion for a new trial was overruled
We understand that the question for decision in this case, is simply this: Can an action be maintained by the holder, against the maker of a promissory note, (an action on which is barred by the statute of limitations), on a verbal promise to pay the same, made after the bar of the statute had arisen, the consideration of the promise being the original valid debt?
*149 The whole question might properly have been raised by a demurrer to the petition, had it contained an averment that the promises so made were verbal only. But as this did not appear, it may be that the demurrer was properly overruled, as the presumption may have arisen that the promise was in writing, and as a question of pleading, might stand on the same footing as one involving the statute of frauds, as to which the law seems to be that in counting on a contract as to land, the petition need not aver that it was in writing, even when it is necessary to its validity that it be in writing, for the presumption will be, where a contract is alleged in a petition, that it is a valid and legal contract; Bates on Pleadings, 109 and 110. The Supreme Court, however, in the Gorry case, 46 Ohio St 349, seem to have held the contrary to this, in saying that a demurrer to a petition alleging a promise to pay a barred debt, but not saying whether it was or was not in writing, was properly sustained. But this question is not a material one in this case, for the question was squarely raised by the third' defense in defendant’s answer, which the reply of the plaintiff admits to be true.
The question argued to us so fully by the counsel for- the plaintiff in error, whether, when a valid promise to pay a barred debt has been made, the action should be on the original contract or on the new promise, does not seem to us a material one in the decision of this case. In view of the apparently conflicting statements made in several of the decisions of cases in the Supreme Court, it might seem doubtf'ul as to what is the better practice. It is probably correct, as stated by Judge Bates in his work on Pleadings, page 113, that the Ohio authorities allow either mode to be adopted. We think it clear though, since the decision in 40 Ohio St. 637, that it is good practice in a case like this to sue on the original claim, alleging the written acknowledgment or promise. But whether brought on the original contract, setting up the new promise as a reason why the statute of limitations should not bar the action, or brought on the new promise averring the *150 old contract and the justness thereof as the consideration of the new promise, would not, we think, be at all material to the determination of the question whether the new promise should or should not be in writing. The idea or proposition that if the statute of 1853 (now sec. 4992, Rev. Stat.) requires that a written acknowledgment or promise is necessary to confer a right of action to recover the amount of a debt barred by the statute of limitations, that this provision can be avoided or evaded by suing on a new verbal promise, can not be entertained. The right to recover could not depend upon the mere question whether the action was nominally on the original debt, or on the new promise.
What then was the purpose, and what the effect of the section referred to ? In our opinion, it was to do away entirely with the right (before that time existing), of a person to recover on a claim which accrued after its passage, but which was allowed to become barred by the provisions of the statute of limitations, on a verbal promise to pay the same made after it was barred. And that on the admitted facts of the case, the plaintiff had no right to recover.
The claim so earnestly maintained by the counsel for the plaintiff in error, that a recovery may be had on the verbal promise, and that the statute only requires a written promise where the action is on the original contract made after the original cause of action was barred, seems to us entirely untenable. It certainly has been the opinion of the lawyers of the state, ever since the passage of the act of 1853, that in all cases arising under its provisions a verbal promise or acknowledgment would be of no value whatever. The law has been in force for nearly forty years. In all of that time, until this case, we have no knowledge of the assertion of any claim to the contrary, and no case is cited to us in which such a question was even suggested. On the other hand, there are expressions in the opinions of the judges deciding cases, and cases decided by the Supreme Court, which are decidedly against any such doctrine, and lead to the conclusion that the *151 section in question is in the nature of a statute of frauds, and was designed to repeal or change the law as it before stood, that a verbal promise to pay a barred debt was sufficient, and thereby to put an effectual stop to the evils which had been found to result from allowing evidence of verbal acknowledgments or agreements to pay barred debts.
Thus in Swans’ Treatise, 515, it is said : “If a person is prevented by the statute of limitations from recovering a debt, there is a moral and was a prior legal obligation on the part of the debtor to pay it, and hence his new promise to pay it, if in writing, is binding.” In the decision of the casé of Marienthal v. Mosler, 16 Ohio St. 570, Judge Day, says: “ it is apparent that the legislature did not intend to enlarge the facilities for taking cases out of the statutory bar. Before this can now, be effected by an acknowledgment of an existing debt, or a promise to pay the same, ‘ it must be in writing, signed by the party to be charged thereby.1’ - No change is made (by the statute of 1853) in the effect of a part payment of a debt.”
By the 3rd paragraph of the syllabus in case of Courson’s Ex’r v. Courson, 19 Ohio St. 454, it is held that “each item of an account to which the limitation of aetions prescribed in the code of 1853 is applicable, is barred in six years after the right of action accrued thereon, unless there has been a part payment of the account, or an acknowledgment of liability thereon, or a promise to pay the same, ‘ in writing, signed by the party to be charged thereby,’ within six years before the action commenced.”,
In the case of Douglass v. Corry, 46 Ohio St. 349, where the petition set up the existence of a debt which was allowed to become barred by the statute, and a subsequent promise to pay the same, (not averring that it was in writing), and asking a judgmentfortheamount with interest, andnot explicitly counting either on the original demand, or on the new promise, the court held that the petition showed the demand was barred by the statute. We think the holdings in this ease, and that in *152 19 Ohio St. 455, conclusively settle the case against the plaintiff.
Thos. Millilcin, for plaintiff in error.
Wm. H. Horr, for defendant in error.
The judgment of the court of common pleas will be affirmed, with costs.